### In re HOWARD.

(District Court, E. D. Pennsylvania. June 24, 1903.)

No. 651.

1. BANKRUPTCY—CLAIM TO PROPERTY—EVIDENCE CONSIDERED.
     Evidence considered, and *held* insufficient to sustain the claim of a third person to the ownership of property sold by a receiver in bankruptcy.

In Bankruptcy. On certificate from referee concerning claim of Joseph E. Walker.

V. Gilpin Robinson, for claimant.

E. H. Hall, for trustee.

J. B. McPHERSON, District Judge. This controversy turns upon one disputed question of fact. The claimant demands that a certain part of the fund now in the hands of the trustee shall be paid over to him, on the ground that such part is the proceeds of certain chattels that were sold by the receiver as the property of the bankrupt, whereas in fact (such is the averment) they were the property of the claimant, and had been his for about eight years before the sale.

I have read and considered the testimony that was taken on this subject, and I agree with the learned referee that the claimant has failed to make out his case. The testimony is no doubt conflicting, but the probabilities seem to me to be against his account of the transaction. He avers that he acquired title at a sheriff's sale in 1892, when the property was sold under five or six executions against its then owner, S. C. Shortlidge, and was bought in by the claimant's attorney, acting in behalf of several of the execution creditors.

There is other testimony, however, to the effect that the beneficial purchasers at that sale were the bankrupt and another person, who was not the claimant; and this testimony is strongly corroborated by the facts that the claimant never went into possession, save for a short time, and then only as to part of the property; that even as to this part he speedily relinquished such possession as he may have had, and for eight years allowed everything to be used by others without demanding rent or making any claim to be the owner, either sole or in common with other persons; that he knew of the receiver's sale, but gave no notice of his title to intending purchasers, and made no claim upon the proceeds for a year thereafter; and that the other persons, whom he names as co-owners with himself, never had possession, or asserted title, or leased the property, and do not join in making claim upon the fund. Moreover, the bankrupt was in possession of the property, did claim title thereto, and did lease it to others, thus exhibiting the signs of ownership, and affording reasonable ground for the conclusion that he was what he appeared to be. The careful and capable argument made on the claimant's behalf is based on the assumption that he became an owner at the sheriff's sale in 1892, and ceases to be applicable if, as I think, the fact is otherwise.

The rejection of the claim is affirmed.